JacksonLewis

Jackson Lewis P.C.
666 Third Avenue
New York, NY 10017
(212) 545-4000 Main
(212) 972-3213 Fax
jacksonlewis.com

MY DIRECT DIAL IS: (212) 545-4053
MY EMAIL ADDRESS IS: DANA.WEISBROD@JACKSONLEWIS.COM

October 9, 2026

**VIA ECF (WITH COPY MAILED TO PRO-SE PLAINTIFF VIA UPS)**

The Honorable John G. Koeltl, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl St., Courtroom 14A
New York, NY 10007

APPLICATION GRANTED
SO ORDERED

10/12/26

John G. Koeltl, U.S.D.J.

**Re: Ramy Ayoub Ibrahim v. Apple Inc.**
**Case No.: 1:25-cv-04420-JGK**

Dear Judge Koeltl:

We represent Defendant Apple Inc. ("Apple" or "Defendant") in connection with the above-referenced matter initiated by Plaintiff Ramy Ayoub Ibrahim ("Plaintiff") (collectively, the "Parties"). Pursuant to Rule VII of Your Honor's Individual Practices, the Court's Standing Order, 19-MC-00583, ECF Rules & Instructions, Section 6, and Rule 5.2 of the Federal Rules of Civil Procedure, Apple respectfully seeks leave to file materials with very limited redactions in connection with Defendant's Motion for Summary Judgment (the "Motion"). The Motion will seek this Court's dismissal of Plaintiff's claims against Apple in their entirety.

First, during the discovery phase and consistent with Apple's practice of protecting the privacy of employees, Apple produced: (i) one document that included redactions of the names of two Apple employees; and (ii) two documents that included redactions to the names and email addresses of two Apple employees (collectively, the "Non-Involved Employees"). The Non-Involved Employees are not implicated in Plaintiff's claims against Apple. To protect the privacy of the Non-Involved Employees, and to align with Apple practice, Apple respectfully requests that the names and email addresses of the Non-Involved Employees remain redacted from the three documents used by Apple to support the Motion. Apple does not rely on information related to the Non-Involved Employees to support the Motion. Nor are the Non-Involved Employees relevant to Plaintiff's ability to establish his purported claims.

Second, during the discovery phase and consistent with Apple policy, Apple produced documents which included redactions to all Apple employee phone numbers.[1] To protect the privacy of Apple employees, and to align with Apple's practice of protecting the privacy of

[1] Defendant also redacted email addresses of involved employees at the discovery phase. However, those email addresses will be un-redacted in Defendant's summary judgment filings given a shift in Apple's policy pertaining to the confidentiality of Apple employees' email addresses.

Case 1:25-cv-04420-JGK Document 34 Filed 10/09/26 Page 2 of 3



employees, Apple respectfully requests that Apple employee phone numbers remain redacted from one document used by Apple to support the Motion. Apple does not rely on Apple employee phone numbers to support the Motion and the phone numbers are not relevant to Plaintiff's ability to establish his purported claims.

Apple respectfully submits that good cause exists for redacting these materials. In Lugosch v. Pyramid Co., the Second Circuit espoused a three-step approach for determining if documents are appropriately redacted. See Lugosch, 435 F.3d 110, 119-20 (2d Cir. 2006). First, the Court must determine whether the documents in question are "judicial documents" to which the public has a right to access. Id. at 119. Second, assuming the documents are "judicial documents," the Court must assess the weight of the presumption of public access, which is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." Id. Last, after determining the weight of the presumption of access, the Court must "balance competing considerations against it" including "the privacy interests of those resisting disclosure." Id. at 120. Courts in this District routinely find that non-relevant contact information and the names of non-party employees merit redaction. See Blanco v. Success Acad. Charter Schs., Inc., No. 23-cv-1652 (LJL), 2026 U.S. Dist. LEXIS 140949, at *3-4 (S.D.N.Y. June 25, 2026) (granting leave to redact employee phone numbers since "[t]he contact information of the[] non-parties [wa]s not relevant to the dispute[.]"); SEC v. Ripple Labs, Inc., No. 20 Civ. 10832 (AT), 2023 U.S. Dist. LEXIS 85787, at *22 (S.D.N.Y. May 16, 2023) (granting leave to redact "the identities of certain non-party . . . employees and non-party contact information[.]"); Cohen v. Gerson Lehrman Group, Inc., No. 09 Civ. 4352 (PKC), 2011 U.S. Dist. LEXIS 104510, at *5-6 (S.D.N.Y. Sep. 15, 2011) (granting leave to redact "individual contact information, such as . . . phone numbers" because "[s]uch information is not at issue in th[e] dispute[.]")

In accordance with Your Honor's Individual Practices, Apple will contemporaneously file under seal in the ECF system proposed redacted documents and copies of unredacted documents with proposed redactions highlighted. Apple will also electronically relate such documents to this letter-motion in the ECF system, and submit a hard copy to Your Honor. Today, October 9, 2026, Apple is contemporaneously following this procedure in connection with filing its moving papers in support of the Motion. Specifically, the proposed redacted documents that Apple is filing are the following:

- Declaration of Dana G. Weisbrod in Support of Defendant's Motion for Summary Judgment, Exhibit A:
    - Defendant's Exhibits 2 and 6.
- Declaration of Jason Karcher in Support of Defendant's Motion for Summary Judgment, Exhibits B and C.

Apple attempted to meet and confer with Plaintiff in connection with the subject request. Plaintiff first advised that he did not understand the relief that Apple planned to seek from the Court, and later asked for an explanation of the information that Apple is seeking to redact. Apple

Case 1:25-cv-04420-JGK Document 34 Filed 10/09/26 Page 3 of 3



emailed Plaintiff the above-referenced documents with redactions and explained that the redactions were limited to a phone number and three non-involved individuals. Apple did not hear back from Plaintiff prior to filing this correspondence on the afternoon of October 9, 2026, the date that represents Apple's deadline to file the Motion.

* * *

We appreciate the Court's consideration of this request.

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ Dana G. Weisbrod*
Dana G. Weisbrod
Drew M. Fryhoff

cc: Plaintiff Ramy Ayoub Ibrahim (via UPS)